IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRAVIS L. ALLISON, <br><br> *Plaintiff*, <br><br> v. <br><br> CHEXSYSTEMS COLLECTION AGENCY, INC., <br><br> *Defendant*. | No. 23 C 1132 <br><br> Judge John J. Tharp, Jr. |

## ORDER

For the reasons set forth in the Order and Statement below, Defendant's motion to dismiss [7] is granted without prejudice. Plaintiff may file an amended complaint consistent with this Order on or before May 31, 2023.

## STATEMENT

**I.  Background**

Unless otherwise noted, the following factual allegations are taken from Allison's Complaint and are assumed true for purposes of ChexSystems' motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Allison is a consumer. He alleges that ChexSystems, a consumer reporting agency, prepared and issued consumer credit reports including inaccurate information about him. ChexSystems continued to report inaccurate information after Allison disputed the information.

On January 24, 2023, Allison sued ChexSystems in the Circuit Court of Cook County, alleging violations of the Fair Credit Reporting Act (FCRA). ChexSystems removed, invoking this Court's federal question jurisdiction. ChexSystems then moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Allison did not respond.

**II.  Discussion**

To survive a motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.'" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). The Court accepts the well-

pleaded factual allegations in the plaintiff's complaint as true, "drawing all reasonable inferences in his favor." *Id.*

Yet, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough. *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual content must "raise a right to relief above the speculative level." *Kaminski*, 23 F.4th at 776 (quoting *Twombly*, 550 U.S. at 555). The Court liberally construes, however, the allegations in a *pro se* plaintiff's complaint. *Ebemeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### A. Article III Standing

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). The party asserting federal jurisdiction "bear[s] the burden of demonstrating that [he has] standing." *Id.* at 2207. To establish standing to sue, "the plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* at 2203 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A concrete injury is essential to standing: 'No concrete harm, no standing.'" *Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146, 1151 (7th Cir. 2022) (quoting *TransUnion*, 141 S. Ct. at 2200). Although a concrete injury need not be tangible, it must be "real," as opposed to "abstract." *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340-41 (2016)).

As it stands, Allison's Complaint does not establish a concrete injury. This is because "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *TransUnion*, 141 S. Ct. at 2210. Allison's Complaint is sparse: he alleges only that ChexSystems prepared and issued inaccurate consumer credit reports and continued to do so after he disputed the information's accuracy. He has not pleaded that ChexSystems disclosed an inaccurate credit report to a third party. Absent any such allegation, his Complaint fails to plead a concrete injury. Thus, Allison has no standing.

### B. FCRA Violations

Even if Allison had alleged facts establishing standing, his Complaint fails to state a claim under §§ 1681e(b), 1681i, or 1681g of the FCRA.[1] Section 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" in credit reports. 15 U.S.C. § 1681e(b); *Chuluunbat v. Experian Info. Sols., Inc.*, 4

---

[1] It bears noting as well that Allison's claims appear to be time barred. Defendant avers that it ceased operations in 2011; if true, the conduct alleged occurred more than 10 years before Allison filed this suit. The statute of limitations for FCRA claims is two years. *See* 15 U.S.C. § 1681p. Although it would be premature to dismiss the complaint on this basis (the information about ChexSystems dissolution being outside the complaint), Allison would do well to investigate whether his FCRA claims are doomed to fail as untimely before pressing forward with those claims.

F.4th 562, 566 (7th Cir. 2021). "To state a claim under [§ 1681e(b)], a consumer must sufficiently allege that a credit reporting agency prepared a report containing inaccurate information." *Denan v. Trans Union LLC*, 959 F.3d 290, 294 (7th Cir. 2020) (quoting *Sarver v. Experian Info. Sols., Inc.*, 390 F.3d 969, 971 (7th Cir. 2004)). If a consumer disputes "the completeness or accuracy of any item of information" in a credit report, § 1681i requires the consumer reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Chuluunbat*, 4 F.4th at 566-67 (quoting 15 U.S.C. § 1681i(a)(1)(A)). Thus, "[a] threshold requirement for claims under both sections [1681e(b) and 1681i] is that there must be an inaccuracy in the consumer's credit report." *Id.* at 567. In this respect, Allison's allegations fall short.

Again, Allison alleges only that ChexSystems prepared and issued inaccurate consumer credit reports and continued to do so after he disputed the information's accuracy. Construing Allison's Complaint liberally, his bare assertion that his credit report was inaccurate—without further factual support—does not support a plausible claim.

Allison also fails to state a § 1681g claim. In relevant part, § 1681g(a) requires consumer reporting agencies, "upon request," to "clearly and accurately disclose to the consumer . . . (1) [a]ll information in the consumer's file at the time of the request, . . . (2) [t]he sources of the information; . . . (3)(A) [i]dentification of each person . . . that procured a consumer report," and "(5) [a] record of all inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer." 15 U.S.C. § 1681g(a). Allison does not allege that he requested his credit file from ChexSystems, so his claim fails. *See, e.g.*, *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488-89 (7th Cir. 2019) (citing *Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 940-41 (7th Cir. 2007)). In short, Allison's Complaint does not plausibly suggest a violation of the FCRA.

\* \* \*

For the reasons above, Defendant's motion to dismiss [7] is granted. Allison's Complaint is dismissed without prejudice. Allison may file an amended complaint consistent with this Opinion within 30 days. His failure to do so will result in dismissal of the action.

Dated: May 2, 2023

John J. Tharp, Jr.
United States District Judge